

EOD
04/24/2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GLENN GREGG PETTY and | § | Case No. 18-40258 |
| KAYCIE LEIGH PETTY, | § | (Chapter 13) |
| | § | |
| Debtors. | § | |

**MEMORANDUM OPINION AND ORDER
ON TRUSTEE'S MOTION TO DISMISS**

On April 18, 2018, the Court heard the *Motion to Dismiss Case* [Dkt. 25] filed by Carey D. Ebert, the Standing Chapter 13 Trustee. The trustee sought to dismiss this case on the grounds that the debtors' unsecured debts exceed the eligibility limits of 11 U.S.C. § 109(e) and, therefore, the Debtors do not qualify for relief under chapter 13. The debtors' counsel appeared at the hearing on the trustee's motion and objected to dismissal. The Court exercises its core jurisdiction over this contested matter, *see* 11 U.S.C. §§ 105, 109(e), 349 and 1307, and makes the following findings of fact and conclusions of law. *See* FED. R. BANKR. P. 7052, 9014.

**FINDINGS OF FACT**

1. The debtors, Glenn Petty and Kaycie Petty, filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on February 5, 2018.

2. Glenn Petty is a foot doctor who had numerous malpractice actions pending against him at the time of bankruptcy as well as a criminal action by the United States for Medicare fraud.

3. In addition to a clinic in Frisco, Texas, the debtors own more than 20 rental properties with multiple lien holders and tenants.

4. The debtors filed their *Schedules E/F: Creditors Who Have Unsecured Claims* on

March 6, 2018 [Dkt. 11].

5.  Their Schedules E/F list more than $600,000 in general unsecured debt, including more than $200,000 in student loan obligations.

## CONCLUSIONS OF LAW

1.  Section 109(e) of the Bankruptcy Code provides, in relevant part, as follows: "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200 ... may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e).  In turn, § 1307(c) provides, in pertinent part, that "on request of a party in interest ... after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause ...." 11 U.S.C. § 1307(c).

2.  Section 109(e) is not jurisdictional and may be waived if no party objects to a debtor who exceeds the chapter 13 debt limits.  *See In re Phillips,* 844 F.2d 230, 236 n. 2 (5th Cir. 1988) (in a case involving ineligibility under § 109(g), the Fifth Circuit held that "eligibility does not raise an issue of subject matter jurisdiction").  If a party objects that a chapter 13 debtor exceeds the §109(e) debt limits and the objection is sustained, the debtor may not continue as a chapter 13 debtor.  *See In re Nikoloutsos*, 199 F.3d 233, 237 (5th Cir. 2000) ("Ineligible for the protections of Chapter 13, Mr. Nikoloutsos should not have been allowed to convert.").

3.  In this case, the trustee did not waive the § 109(e) debt limits.  The trustee objected that the debtors are ineligible for chapter 13 relief because they exceed the § 109(e) unsecured debt limit.  The trustee argued that the debtors' ineligibility is "cause" for dismissal of their bankruptcy case under § 1307(c).

4. At the hearing on the trustee's motion to dismiss, the debtors argued that if the student loans were excluded from their general unsecured debt, their noncontingent, liquidated, unsecured debts would be less than $394,725. However, the debtors stipulated that: (a) the student loans were noncontingent and liquidated; and (b) if the student loans were included in the noncontingent, liquidated, unsecured debts, those debts would exceed $394,725.

5. As authority for excluding student debts from the unsecured debt limit of §109(e), the debtors cited this Court to *In re Pratola*, 578 B.R. 414 (Bankr. N.D. Ill. 2017). The debtor in *Pratola* was an ordinary consumer with large student loan debts. The trustee in *Pratola*, like the trustee in this case, moved for dismissal of the chapter 13 case. In denying the trustee's motion, the court reasoned that although the debtor was ineligible for relief under chapter 13 due to the large amount of unsecured debt, ineligibility did not require dismissal under § 1307(c). *See also In re Fishel,* 2018 WL 1870368 at *3 (Bankr. W.D. Wis. Mar. 30, 2018) (where the debtor was a "true consumer," the court followed *Pratola* and exercised its discretion under §§ 105 and 1307 to deny the trustee's motion to dismiss).

6. Another court recently analyzed the *Pratola* decision as follows:

> The *In re Pratola* court offers a number of compelling policy arguments for not applying the debt limits to debtors with large student loan debts where creditors would presumably be better off with the debtor remaining in chapter 13. The court concluded that, because dismissal under section 1307 is discretionary, the court was not required to order dismissal, even where the trustee had requested dismissal. This court declines to follow that approach. The soundest policy arguments do not trump the statutory language, and, while the decision to dismiss or convert a case under section 1307 is discretionary, the court is bound to apply its discretion consistent with the plain terms of the Code. Those plain terms preclude the court from allowing a person who is ineligible to be a chapter 13 debtor from continuing in chapter 13.

*In re Bailey-Pfeiffer,* 2018 WL 1896307 at *4 (Bankr. W.D. Wis. Mar. 23, 2018). *See also, e.g., In re Mendenhall*, 2017 WL 4684999 at *4 (Bankr. D. Idaho Oct. 17, 2017 (including student loan debts in the §109(e) unsecured debt limit).

7. This Court agrees with *Bailey-Pfeiffer* and *Mendenhall* that student loan debts must be included in the calculation of noncontingent, liquidated, unsecured debts for purposes of determining § 109(e) eligibility. Further, the plain terms of the Bankruptcy Code preclude the debtors from continuing in a chapter 13 and obtaining relief for which they are ineligible. Accordingly, the Court concludes that the trustee has established "cause" for the conversion or dismissal of this case under § 1307(c).

**IT IS THEREFORE ORDERED** the debtors have 30 days from entry of this order to convert this case; and

**IT IS FURTHER ORDERED** the debtors' case will be dismissed on the 31st day after entry of this order if a motion to convert or notice of conversion has not been filed.

Signed on 4/24/2018

_Brenda T. Rhoades_    SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE